# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH L. EMERY and<br>BRIAN A. ABRAHAM | § § § | PLAINTIFFS |
| v. | § § | CIVIL ACTION NO. 1:09CV52-LG-RHW |
| STATE FARM FIRE & CASUALTY<br>COMPANY; STATE FARM INSURANCE<br>COMPANIES; MISSISSIPPI<br>WINDSTORM UNDERWRITING<br>ASSOCIATION; AUDUBON INSURANCE<br>GROUP; JOHN DOES 1-X; and<br>JANE DOES 1-X | § § § § § § § § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION TO REMAND

**BEFORE THE COURT** is the Motion to Remand [10] filed by the plaintiffs, Deborah L. Emery and Brian A. Abraham. The defendant, State Farm Fire & Casualty Company, has responded to the Motion, and Audubon Insurance Group and Mississippi Windstorm Underwriting Association (MWUA) have joined in the response. The plaintiffs have also filed a reply in support of their Motion. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the plaintiffs' claims against Audubon and MWUA are not egregiously misjoined with their claims against the State Farm defendants. As a result, the Motion to Remand is granted.

### FACTS

The plaintiffs filed this lawsuit in the Circuit Court of Harrison County, Mississippi, Second Judicial District, against State Farm, Audubon, and MWUA concerning damage to their rental property that was caused by Hurricane Katrina. The plaintiffs seek coverage under a State Farm Rental policy and a windpool policy issued by Audubon and MWUA. In their Complaint,

the plaintiffs assert that the damage to their home was caused at least in part by wind and that the loss would have occurred in the absence of water. (Compl. at 5). According to the Complaint, both the State Farm and the windpool policies provided wind coverage. (Compl. at 3, 5). The plaintiffs also allege that the defendants misrepresented that the policies would provide coverage for hurricane damage, including storm surge. (Compl. at 5). They have asserted the following claims against the defendants: breach of contract; waiver and estoppel; negligence/gross negligence/failure to investigate; aiding and abetting; tortious bad faith and continuing breach of contract; and fraudulent claims practices. (Compl. at 8-14).

State Farm removed the case to this Court on January 12, 2009, arguing that the plaintiffs' claims against Audubon and MWUA are fraudulently misjoined with their claims against the State Farm defendants. The plaintiffs filed a Motion to Remand on March 17, 2009.

## DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, and the civil action is between citizens of different states. It is undisputed that the plaintiffs are Mississippi residents and that MWUA is considered a Mississippi resident, because some of its members are residents of Mississippi. It is also undisputed that State Farm and Audubon are foreign corporations and that the amount in controversy is satisfied. However, the defendants assert that the plaintiffs' claims against State Farm should be severed from their claims against MWUA and Audubon, and that the claims against State Farm should remain before this Court because the claims are fraudulently misjoined.

Misjoinder of claims was first recognized as a ground for opposing remand by the

Eleventh Circuit in *Tapscott v. Miss. Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). District Courts in the Northern and Southern Districts of Mississippi have subsequently adopted the reasoning utilized in *Tapscott*, and the Fifth Circuit has discussed the fraudulent misjoinder doctrine, although it has not yet had the opportunity to apply it. *See, e.g., In re Benjamin Moore & Co.*, 309 F.3d 296. 298 (5th Cir. 2002)(holding that a district court erred by failing to consider whether claims were fraudulently misjoined); *Palermo v. Letourneau Tech., Inc.*, 542 F. Supp. 2d 499, 515-521 (S.D. Miss. 2008); *Jackson v. Truly*, 307 F. Supp. 2d 818, 824 (N.D. Miss. 2004). Mere misjoinder, however, is insufficient to justify the exercise of federal diversity jurisdiction; the misjoinder must be egregious or "totally unsupported." *Tapscott*, 77 F.3d at 1360; *Sweeney v. Sherwin Williams Co.*, 304 F. Supp. 2d 868, 872 (S.D. Miss. 2004).

In cases that have been removed to federal court, the court determines whether parties are misjoined by looking to the state's joinder rules. *Palmero*, 542 F. Supp. 2d 499, 516 (S.D. Miss. 2008). Therefore, federal district courts in Mississippi apply Rule 20 of the Mississippi Rules of Civil Procedure in order to make this determination. *Id.* Rule 20 provides:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.

MISS. R. CIV. P. 20(a). The comments to Rule 20 clarify that the phrase "same transaction or occurrence" means that there must be a distinct litigable event linking the parties. MISS. R. CIV. P. 20 cmt. For example, the Mississippi Supreme Court has held that separate claims against a negligent tortfeasor and the injured party's insurer that are related to injuries suffered in the same car accident arise out of the same transaction, occurrence, or series of transactions or

occurrences" under Rule 20, because the car accident from which the claims arose constitutes a distinct litigable event. *Mercer v. Moody*, 918 So. 2d 664, 666 (Miss. 2005).

In the present case, State Farm asserts that the plaintiffs' claims against MWUA/Audubon did not arise out of the same transaction or occurrence as their claims against State Farm. However, all of the plaintiffs' claims arose out of the same occurrence– the damage to their property caused by Hurricane Katrina.

State Farm also contends that there are no common questions of law or fact concerning MWUA/Audubon and State Farm, since the windpool policy provided coverage for wind damage while the State Farm policy did not.[1] Nevertheless, the plaintiffs assert that State Farm misrepresented that all hurricane damage was covered under the policy and refused to provide them with a copy of their policy until after Hurricane Katrina. Therefore, regardless of whether the policies provided different types of coverage, the cause of the damage to the plaintiffs' home and the amount of damage caused by wind and water must be analyzed in order to determine the liability, if any, of MWUA/Audubon and State Farm. As a result, the Court finds that common questions of law and fact exist.

Since the plaintiffs' claims against MWUA/Audubon and State Farm arose out of the same occurrence and concern common questions of fact, the Court finds that MWUA and Audubon are not misjoined, and certainly not egregiously misjoined, as defendants in this

---

[1] The plaintiffs assert in their Complaint that the State Farm policy provided wind coverage. (Compl. at 3). The Court has not located any wind exclusion in the policy attached to the plaintiffs' Complaint. The Court recognizes that it is unlikely that an insured would purchase two wind policies and that the copy of the policy attached to the Complaint is possibly incomplete, but this Court has not been provided with any evidence that wind coverage is excluded under the State Farm policy.

lawsuit. Therefore, diversity jurisdiction does not exist in this case, and the Motion to Remand must be granted.

The plaintiffs request costs and attorneys' fees incurred as a result of State Farm's removal of the case. When a district court remands a case, it has discretion to award "the payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. §1447(c). An award of costs under this section is limited to the litigation expenses that would not have been incurred had the case remained in state court. *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). Costs are generally awarded to the prevailing party. FED. R. CIV. P. 54(d)(1); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 n.5 (5th Cir. 2004). However, courts may only award attorneys' fees under section 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). When determining whether attorneys' fees should be awarded, the district court must not consider the motive of the removing defendant but must consider the objective merits of removal at the time of removal. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000).

The Court finds that the plaintiffs are entitled to costs that would not have been incurred had the case remained in state court. But, the plaintiffs are not entitled to attorneys' fees, because State Farm had an objectively reasonable basis for removing the case. Even after remand, the Court retains jurisdiction over costs associated with the removal. *Hines v. Plane Paint, Inc.*, 430 F. Supp. 2d 598, 604 (S.D. Miss. 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Remand [10] filed by the plaintiffs, Deborah L. Emery and Brian A. Abraham, is **GRANTED**. The above

styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF HARRISON COUNTY , MISSISSIPPI, SECOND JUDICIAL DISTRICT**, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court.

**IT IS FURTHER ORDERED AND ADJUDGED** that State Farm Fire and Casualty Co. must pay the plaintiffs' costs that were incurred due to the removal of this case to federal court.

**SO ORDERED AND ADJUDGED** this the 17th day of April, 2009.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE